UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAHIM TORK,

        Petitioner,

v.                                                   Case No. 5:03-cv-376-Oc-10GRJ

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

        Respondents.

_____

**ORDER OF TRANSFER**

        Petitioner, a citizen of Iran, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Petition challenges a removal order of the Board of Immigration Appeals on the basis that removal would violate the Convention Against Torture (CAT) and the First, Fifth and Fourteenth Amendments to the United States Constitution. At the time the Petition was filed, Petitioner was incarcerated pursuant to a Florida state-court conviction for a controlled substance offense, for which offense Petitioner was deemed removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227 (a)(2)(B)(I).

        Upon an initial review of the file, the Court determined that it had jurisdiction over Petitioner's claim pursuant to the Eleventh Circuit's decision in <u>Cadet v. Bulger</u>, 377 F.3d 1173, 1182 (11th Cir. 2004). However, since that time, Congress enacted the Real ID Act of 2005 (the Act), Pub. L. No. 109-13, 119 Stat. 231, 302 (May 11, 2005). The Act amended judicial review provisions of the Immigration and

Nationality Act by vesting sole jurisdiction over habeas corpus petitions challenging removal orders in the Court of Appeals. The Act was made expressly applicable to challenges raising CAT claims. See § 106(a)(1)(B). Further, the Act requires the District Court to transfer any cases which were pending on the date the Act was enacted to the Court of Appeals for the circuit in which a petition for review could have been filed. Id. at § 106(c). Therefore, on July 20, 2005, the Respondents filed a Notice (Doc. 41) suggesting that pursuant to the Act, this case should be transferred to the United States Court of Appeals for the Eleventh Circuit because Petitioner's removal proceedings were concluded in Miami, Florida.

On July 26, 2005, the Court directed Petitioner to show cause why this case should not be transferred to the Eleventh Circuit Court of Appeals. (Doc. 42.) On August 18, 2005, Petitioner requested an extension of time to research the matter. (Doc. 43.) Petitioners' request was granted and his response was due on October 17, 2005. (Doc. 44.) On that date, the Court received a letter from the Petitioner stating that he is unable to show cause why this case should not be transferred under the Real ID Act. However, Petitioner requests that the court construe his case as a CAT claim and as claims arising under the First, Fifth, and Fourteenth Amendments. Petitioner then requests additional time to research his case.

This Court has already construed Petitioner's case as raising a CAT claim and claims under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Because each of Petitioner's claims present a challenge to the order

2

of removal, this Court is expressly precluded from exercising jurisdiction over those claims pursuant to the Real ID Act. Moreover, Petitioner concedes that he cannot show cause why this case should not be transferred to the Eleventh Circuit Court of Appeals. Therefore, this Court has no choice but to transfer this case.[1]

Accordingly, Petitioner's motion for an extension of time, contained within his letter dated October 15, 2005 (Doc. 45), is **DENIED**. Pursuant to the Real ID Act, it is hereby **ORDERED** that this case is **TRANSFERRED** to the United States Court of Appeals for the Eleventh Circuit for all further proceedings. The Clerk is directed to forward the file to the Court of Appeals and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  Rahim Tork
    Counsel of Record

---

[1] See, e.g., Maiwand v. Ashcroft, 2005 WL 2340466 (E.D.N.Y. Sept. 26, 2005) (transferring "pending" habeas petition to Court of Appeals as a petition for review under Real Id Act); Charania v. Upchurch, 2005 WL 1704804 (N.D. Tex. July 19, 2005) (unpublished) (Act divested court of jurisdiction over habeas corpus petition as of May 11, 2005); Barnes v. United States Immigration and Customs Enforcement, 2005 WL 1661652 (E.D.N.Y. July 14, 2005) (unpublished) (finding that as of date of the Act court had no jurisdiction over portion of petition challenging removal order); Enwonwu v. Chertoff, 376 F. Supp.2d 42 (D.Mass. July 12, 2005) (concluding that the court had "no choice" but to transfer the case to the First Circuit in accordance with the Congressional mandate).